IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

FRANKLIN TACHER,

          Plaintiff,

v.

HUMANA INC.,

          Defendant.

_____/

Case No. _____

DEFENDANT'S NOTICE OF REMOVAL
UNDER 28 U.S.C. §§ 1331, 1441, and 1446

## NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA:**

**PLEASE TAKE NOTICE** that Defendant Humana Inc. hereby removes the above-captioned action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and states as follows:

1. Plaintiff Franklin Tacher ("Tacher") seeks to recover benefits allegedly owed under a group health benefit plan administered by Humana Medical Plan, Inc.[1] (Compl. ¶ 8 & Certificate of Coverage, Title Page).

2. The plan is governed by the Employee Retirement Income Security Act ("ERISA"). (*See* Exhibit C, Declaration of Andrea Harvel ("Harvel Decl.") ¶ 4).

---

[1] The Complaint named the wrong party. As reflected in the Certificate of Coverage attached to the Complaint, Humana Inc. did not administer the policy.

3.      Tacher filed this action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, on or about September 1, 2015, and served a copy of the complaint upon Defendant on September 21, 2015.

4.      The two-page Complaint does not identify any particular cause of action, but appears to allege a breach of the ERISA plan by failing to pay "for reasonable and necessary medical treatment pursuant to the provisions of the policy."  (Compl. ¶ 8).

5.      Tacher seeks monetary damages for Defendant's alleged breach of the ERISA policy.  (Compl. ¶ 1 & Wherefore Clause).

6.      As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1331 and 1441 because the procedural requirements for removal have been satisfied, and because Tacher's action involves a federal question—the denial of benefits of an employee benefit plan pursuant to the ERISA.

## I.      THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

7.      Tacher's Complaint was served on September 21, 2015.  This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it has been filed within 30 days of service of the initial pleading.

8.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers served on Defendant in this action are attached as Composite Exhibit A, which includes the Certificate of Coverage that Tacher attached to his Complaint.  A copy of the state court docket is attached as Exhibit B.

9.      The United States District Court for the Southern District of Florida embraces the county in which the state court action is now pending and thus this Court is a proper forum for

2

this action pursuant to 28 U.S.C. §§ 89(c) and 1441(a).  Such venue is represented as proper solely for removal purposes.

10.     Humana Inc. is the only defendant in this action, thus, no consent is needed from any other party.

11.     No previous application has been made for the relief requested herein.

12.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Tacher's counsel and a copy is being filed with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

13.     A filing fee of $400.00 is being tendered to the Clerk of the United States District Court for the Southern District of Florida.

14.     If any question arises regarding the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of the position that this case is removable.

## II.     REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441.

15.     28 U.S.C. § 1441(a) permits the removal of any civil action where the district courts have original jurisdiction.

16.     "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States."  28 U.S.C. § 1331.

17.     While this type of original jurisdiction—federal question jurisdiction—is ordinarily governed by the well-pleaded complaint rule, "the complete preemption doctrine of

3

ERISA creates an exception to that rule." *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011).

18.     Complete preemption "arises from Congress's creation of a comprehensive remedial scheme in 29 U.S.C. § 1132 for loss or denial of employee benefits." *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1211 (11th Cir. 1999).   "When Congress comprehensively occupies a field of law, any civil complaint raising this select group of claims is necessarily federal in character and thus furnishes subject-matter jurisdiction under 28 U.S.C. § 1331." *Id.* at 1211-12 (internal quotes omitted).   "Therefore, federal courts have subject-matter jurisdiction over state-law claims that have been [completely preempted], and defendants may remove to federal court those actions that contain such claims." *Id.* at 1212.

19.     This is true regardless of how a plaintiff frames his complaint.   *Ehlen Floor Covering, Inc.*, 660 F.3d at 1287 ("Regardless of its characterization as a state law matter, a claim will be re-characterized as federal in nature if it seeks relief under ERISA.").

20.     ERISA complete preemption requires a two-step analysis: "(1) whether the plaintiffs could have ever brought their claim under ERISA § 502(a) [29 U.S.C. § 1132(a)] and (2) whether no other legal duty supports the plaintiffs' claim." *Id.* (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)).  Both are satisfied here.

### 1.     Tacher Could Have Brought His Claim Under Section 502(a) of ERISA.

21.     The first step is satisfied if plaintiff has standing to sue under ERISA and plaintiff's claim falls within the scope of Section 502(a) of ERISA, 29 U.S.C. § 1132(a).   *Id.* Section 502(a) expressly permits a plan beneficiary or participant to bring claims "to recover

benefits due to him under the terms of his plan [or] to enforce his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

22.     Here, Tacher asserts that he is a plan beneficiary or participant of the plan referenced in the Certificate of Coverage attached to the Complaint by alleging that he has a medical policy with Defendant and attaching a copy of the Certificate of Coverage.  (*See* Compl. ¶¶ 4, 6-8 & Certificate of Coverage).  The Certificate of Coverage attached to the Complaint is an ERISA plan administered by Humana Medical Plan, Inc.  (*See* Harvel Decl. ¶¶ 3-4; *see also* Certificate of Coverage, Federal Notices).    Thus, Tacher, as an alleged beneficiary and participant in the ERISA plan, has standing to bring a claim for benefits allegedly due from the plan.

23.     Tacher's claim falls within the scope of Section 502(a) of ERISA because he seeks to recover benefits allegedly due under his ERISA plan and to enforce his alleged rights under the terms of that plan.  Tacher specifically alleges that Defendant breached its contract with him "by failing to pay for reasonable and necessary medical treatment pursuant to the provisions of the policy."  (Compl. ¶ 8).

24.     Thus, the first step of the ERISA completion preemption analysis is satisfied.

**2.     Tacher's Claim Does Not Implicate A Duty Independent of ERISA.**

25.     Step two "looks to whether the plaintiffs' claims implicate a duty independent of ERISA." *Ehlen Floor Covering, Inc.*, 660 F.3d at 1288.

26.     Regardless of how a plaintiff styles his complaint, step two is satisfied where courts have to look to the substance of an ERISA plan because the plaintiff relies on that plan as a basis for his recovery.  *Borrero v. United HealthCare of N.Y., Inc.*, 610 F.3d 1296, 1304 (11th

Cir. 2010) (step two satisfied where "the content of the claims necessarily requires the court to inquire into aspects of the ERISA plans because of the invocation of terms defined under the plans"); *see also Ehlen Floor Covering, Inc.*, 660 F.3d at 1288 (citing *Borrero*).

27.     Here, Tacher's claim references and is dependent upon the terms of his plan.  He contends that Humana Inc. breached the plan by failing to pay for treatment pursuant to its provisions.  (Compl. ¶ 8).  He also asserts that he has satisfied the deductible under the policy. (*Id.* ¶ 7).  To resolve Tacher's claim for benefits, the court has to look at the substance and language of the plan and, therefore, step two is satisfied.

28.     Accordingly, Humana Inc. has demonstrated that the test for complete preemption is met and this case is properly removable to federal court.

WHEREFORE, the Defendant, Humana Inc., respectfully removes the captioned action to this Court pursuant to 28 U.S.C. § 1441(a).

DATED:  October 21, 2015                              Respectfully submitted,

                                                                        */s/ Kimberly J. Donovan*
                                                                        Kimberly J. Donovan
                                                                        Florida Bar No. 16496
                                                                        Squire Patton Boggs (US) LLP
                                                                        200 South Biscayne Boulevard, Suite 4700,
                                                                        Miami, FL 33131
                                                                        Telephone:  (305) 577 7032
                                                                        Facsimile:   (305) 577 7001
                                                                        Email:kimberly.donovan@squirepb.com

                                                                        *Counsel for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 21, 2015 a true and correct copy of the foregoing was

served via United States mail on all counsel of record on the service list below.

    Robert F. Tacher, Esq.
    Peterson Bernard
    707 S.E. 3rd Avenue, Suite 500
    Fort Lauderdale, Florida 33316
    Tel: (954) 763 3200
    Fax: (954) 728 9019
    Email: rtacher@ftl-law.com
    *Counsel for Plaintiff*

                          */s/ Kimberly J. Donovan*
                          Kimberly J. Donovan

7